**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6413**

---

DENZEL CHANDLER,

        Petitioner - Appellant,

    v.

CHADWICK DOTSON, Director,

        Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:22-cv-00123-DJN-MRC)

---

Submitted:  December 5, 2024                    Decided:  October 22, 2025

---

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Denzel Joshua Chandler, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denzel Chandler seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from the district court's prior order dismissing as untimely his 28 U.S.C. § 2254 petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In his Rule 60(b) motion, Chandler argued that his mental health conditions amounted to an extraordinary circumstance that prevented him from timely filing the § 2254 petition and warranted equitable tolling. In some circumstances, a petitioner can make a substantial showing of the denial of a constitutional right by demonstrating that reasonable jurists could debate whether equitable tolling was warranted. *See Justus v. Clarke*, 78 F.4th 97, 112-13 (4th Cir. 2023). And "mental incompetence . . . may qualify as an extraordinary circumstance that justifies equitable tolling and relief from a judgment." *Id.* at 111 (citation modified). Generally, however, "the federal courts will

2

apply equitable tolling because of a petitioner's mental condition only in cases of *profound mental incapacity*." *Id.* at 114 (citation modified). In the habeas context, "a petitioner's mental impairment is sufficiently profound if it renders him unable to comply with the filing deadline," either because he "cannot rationally or factually understand the need to timely file" or because "his mental state renders him unable to prepare a habeas petition and effectuate its filing." *Id.* (citation modified).

In *Justus v. Clarke*, we concluded that the district court erred by declining to hold an evidentiary hearing on the § 2254 petitioner's Rule 60(b) motion seeking equitable tolling based on his mental illness. *Id.* at 116-17. In that case, the petitioner's detailed "allegations of his severe mental illness, if true, [were] sufficient to demonstrate that his condition was the type of extraordinary circumstance that merited equitable tolling." *Id.* at 111 (citation modified); *see also id.* at 112 (describing some of petitioner's allegations). There was also "extensive evidence" documenting petitioner's mental state, including trial testimony, prison treatment records, and affidavits. *Id.* at 115; *see id.* at 102-03. We therefore concluded that the petitioner "sufficiently alleged, and provided evidence supporting, the severity and continuing nature of his mental illness to at least justify an inquiry into whether and for how long his illness may have prevented him from filing his habeas petition." *Id.* at 117.

A petitioner does not necessarily need to provide allegations that are as detailed as those in *Justus v. Clarke*, or provide the same extent of evidence present in that case, to justify an inquiry into whether equitable tolling for mental impairment is warranted. Here, however, Chandler's Rule 60(b) motion did not provide any specific allegations describing

3

the symptoms of his mental illnesses or how they impacted his ability to prepare a timely § 2254 petition or appreciate the statute of limitations. And the only evidence in the record documenting Chandler's mental illnesses, which include schizophrenia, indicates that those illnesses are mild and do not interfere with his ability to function independently. On this record, we conclude that reasonable jurists could not debate the district court's denial of Chandler's Rule 60(b) motion.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*